UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY BRICE LARSEN,

    Plaintiff,

        v.                                  No. 3:15-cv-487(WIG)

CAROLYN COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## RECOMMENDED RULING ON PENDING MOTIONS

Plaintiff Jeffery Brice Larsen brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") finding that Plaintiff's disability insurance benefits under Title II ("DIB") are subject to reduction pursuant to 42 U.S.C. § 424(a) based on a Workers' Compensation ("WC") settlement award Plaintiff received.

## Background[1]

Plaintiff suffered an injury on December 15, 1997 while working as a paramedic for the Town of Guilford, Connecticut. He subsequently was awarded WC benefits for injuries relating to this incident. These benefits were paid to Plaintiff through a series of payments over a number of years. In February 2007, Plaintiff entered into a WC settlement agreement for the sum of $250,000.00 in addition to the compensation and medical benefits already paid. On April 23, 2008, Plaintiff filed his DIB claim alleging disability since August 4, 2003. In a decision dated

---

[1] The parties' briefs lay out the procedural history of this case in great detail. The Court has merely summarized this history here in order to provide context for its decision.

January 28, 2010, ALJ Ronald J. Thomas (the "ALJ") found Plaintiff had been disabled since the alleged onset date.  A Notice of Award dated March 6, 2010 advised Plaintiff he was entitled to DIB benefits beginning in April 2007, and because of his receipt of WC benefits, his disability benefits would be adjusted accordingly.  On May 18, 2013, the Social Security Administration ("SSA") informed Plaintiff that he had been overpaid $15,651.00 in benefits based on an incorrect calculation of his monthly benefit amount.

Plaintiff then filed a request for hearing, stating that he disagreed with the calculation for the WC offset and overpayment amount.  The ALJ held a second hearing on April 16, 2014.  On August 27, 2014, the ALJ issued a decision finding that during Plaintiff's period of entitlement to DIB he also received periodic WC benefits, and that, therefore, his disability benefits were subject to reduction beginning in April 2007 and ending in March 2017.  The Appeals Council denied review of this decision, making the ALJ's 2014 decision the final decision of the Commissioner.  This action followed.

On September 7, 2015, Plaintiff filed a Motion for Judgment on the Pleadings.  [ECF # 15].  The Commissioner responded with a Motion to Affirm.  [ECF # 20].  On June 30, 2016, before this Court was scheduled to hold oral argument on the motions on the merits, the Commissioner moved for leave to file a motion for voluntary remand.  [ECF # 24].  The Court granted this motion, and on July 28, 2016, the Commissioner filed a Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).  [ECF # 26].  Plaintiff filed a response in opposition to the remand motion.  [ECF # 29].

## Discussion

In the motion for voluntary remand, the Commissioner states that additional proceedings are required because the ALJ's 2014 decision contained inconsistencies as to critical dates, did

not address how the agency determined the WC payments were periodic ones, and that the record needs to be further developed with respect to the nature of the WC payments. In response, Plaintiff claims that the Commissioner has not provided an adequate basis for remand and asks for the matter to be reversed and returned for calculation in accordance with Plaintiff's claims. After carefully considering the pleadings and the parties' positions, the Court finds that remand is appropriate.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with reversal and remand of the cause to the Commissioner for further proceedings. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge committed legal error. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, further development of the record is required. The Social Security Act addresses the situation of when an individual who is eligible for DIB is also eligible for WC benefits: the Act "requires offset of the workers' compensation benefits as against the social security payments so that the total benefits received by the individual do not exceed eighty percent of his or her pre-disability income." *Bubnis v. Chater*, 958 F. Supp. 111, 116-17 (E.D.N.Y. 1997), *aff'd sub nom. Bubnis v. Apfel*, 150 F.3d 177 (2d Cir. 1998) (citing 42 U.S.C. § 424a(a)). When an individual receives a lump sum WC payment, the Act provides that "a lump sum workers' compensation award that is 'a commutation of, or a substitute for periodic payments,' is subject to reduction 'at such time or times and in such amounts as the [Commissioner] finds will approximate as nearly as practicable the reduction prescribed by [§ 424a(a) ].'" *Id.* at 117 (citing 42 U.S.C. § 424a(b)).

In this case, the ALJ appears to have simply assumed that the WC payments were periodic ones. This assumption is error: remand is necessary so that the ALJ can address how he determined that the payments were periodic ones. In so doing, further development of the record may be warranted. In addition, remand is proper so that the ALJ can reconcile inconsistencies in agency documents with respect to dates relative to the proration period.[2] Finally, remand is appropriate so that the Commissioner can address the assessed overpayment of benefits.

## Conclusion

For the reasons stated above, the Court recommends that the Commissioner's Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) be granted. This is a Recommended Ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objection to this Recommended Ruling must be filed within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2). In accordance with the Standing Order of Referral for Appeals of Social Security Administration Decisions dated September 30, 2011, the Clerk is directed to transfer this case to a District Judge for review of the Recommended Ruling and any objections thereto, and acceptance, rejection, or modification of the Recommended Ruling in whole or in part. *See* Fed. R. Civ. P. 72(b)(3) and D. Conn. Local Rule 72.1(C)(1) for Magistrate Judges.

SO ORDERED, this  18th  day of October, 2016, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge

---

[2] In explaining the proration period, the ALJ referred to SSA's May 11, 2013 Reconsideration Determination notice. (R. 19). This notice found that the WC settlement proration starting date was June 29, 2006, the day after the last periodic payment ended, and not June 17, 2006, as stated in the ALJ's decision. The notice also found that the proration period ended April 22, 2015, not March 2017, as the ALJ concluded. On remand, the ALJ will need to reconcile the discrepancy in these dates.